## Clarkson, Trustee, *vs.* White's Guardian.

REPLEVIN.

[Mr. Owsley for appellant: Mr. Hanson and Mr. J. T. Morehead for appellee.]

FROM THE CIRCUIT COURT FOR BOURBON COUNTY.

Judge MARSHALL delivered the opinion of the Court.

*April* 11.

ALTHOUGH it seems sufficiently probable that the judgment confessed by Peter Clarkson to his brother-in-law, R. L. Clarkson, was fair and valid, yet it is entirely evident, not only that the latter had abandoned all hope of collecting it, and considered it of no value, but that the former would not have paid any thing on it, except under the arrangement proposed by him, that the slaves seized for the satisfaction of other judgments, should be purchased by the latter, for the benefit of his, Peter's, children; whereby they would remain in his use and possession, and that he should furnish as a payment on the judgment of R. L. Clarkson against him, as much money as should become payable on the purchaser of the slaves— all of which was done. And the question is, whether the interposition of this valid, but dormant, and as far as the plaintiff therein was concerned, unregarded and valueless judgment, as a means of enabling Peter Clarkson, under the form of paying it, to furnish his own money for the purchase of his own slaves, under the executions of other creditors, in such a manner as to secure the continued possession and use of them to himself, can shield the transaction from the imputation of fraud, which not only the circumstances referred to, but others proved or inferrible from the evidence, tend to stamp upon it. We are of opinion that, at all events, it is not necessarily entitled to that effect, and that the circumstances tending to the proof of fraud, if they do not establish conclusively, are at least sufficient to authorize the inference, that the judgment was resorted to merely as a pretext to give color to the transaction by which the debtor's own money was to secure his own property from future liability to his debts. And as the Circuit Judge to whom, in lieu

Two slaves were sold under executions, upon credit, and purchased by a *bona fide* judg't cred-itor of the same debtor (not pl'tf in either of the ex'ons;) who— in pursuance of a previous agreement between him and the debtor, who was entirely insolvent —conveyed them *to him*, in trust for his (the debt-or's) children; & the debtor, in pursuance of the agreement, fur-nished the sale money before it became due, but as a payment up-on *the purchas-er's judgment* a-gainst him: *held*, that these cir-cumstances are sufficient to jus-tify a finding that the con-veyances were fraudulent, and the slaves sub-ject to ex'ons a-gainst the debtor (trustee) upon judg'ts recovered before these oc-currences.

of a jury, the facts as well as the law of the case were referred, had adopted this inference, and given a judgment founded on it, we do not feel authorized, nor even disposed, to reverse it, as being unsupported by the evidence. Wherefore, the judgment is affirmed.